NO. 07-12-00067-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 20, 2012

LESLIE MOSS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 64,399-A; HONORABLE ABE LOPEZ, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ORDER ON ABATEMENT AND REMAND**

Appointed counsel for appellant, Leslie Moss, has filed a motion to withdraw as counsel and to abate the appeal. By this motion, counsel states that another attorney that works for the Office of State Counsel for Offenders was initially appointed to represent appellant at trial. However, the attorney that was initially appointed to represent appellant at trial filed a motion to withdraw from such representation on the basis that the attorney had previously represented the complainant in the instant case in an unrelated matter. The trial court granted trial attorney's motion to withdraw without holding a hearing. At the conclusion of appellant's trial, the trial court appointed the

Office of State Counsel for Offenders to represent appellant in this appeal. By her motion, appellate counsel contends that there appears to be a conflict of interest in her representation of appellant on appeal.

When a lawyer admits to a conflict of interest, the trial court should hold a hearing to explore that conflict. Kelly v. State, 640 S.W.2d 605, 611 (Tex.Crim.App. 1982). Unfortunately, the trial court did not hold a hearing on trial counsel's alleged conflict of interest. Consequently, this Court cannot review the nature of the alleged conflict admitted by the prior lawyer that was appointed to represent appellant at trial. If the use of any counsel from the Office of State Counsel for Offenders would result in a conflict of interest under the Texas Rules of Professional Conduct,[1] the appointment of any attorney from the Office of State Counsel for Offenders is precluded. See TEX. CODE CRIM. PROC. ANN. art. 26.051(g)(3) (West 2009). Further, the creation of a "Chinese Wall" does not overcome the preclusion of appointment of any attorney of the Office of State Counsel for Offenders. In re Wingfield, 171 S.W.3d 374, 382 (Tex.App.—Tyler 2005, orig. proceeding).

For the foregoing reasons, we now abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent; (3) whether appointed appellate counsel's representation of appellant could give rise to a conflict of interest

---

[1] Counsel on appeal contends that her appointment to represent appellant could give rise to a conflict of interest under Texas Rules of Professional Conduct 1.06 and 1.09.

under the Texas Rules of Professional Conduct; (4) whether appellant's present counsel should be replaced; and (5) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the Clerk of this Court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. See TEX. R. APP. P. 34.5(C)(2), 38.8(b)(3). The supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than September 19, 2012.

Per Curiam

Do not publish.

3